IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV171-02-MU
(3:01CR193-2-MU)

| | |
|---|---|
| CALVIN E. BUNCH, ) | |
|     Petitioner, ) | |
| ) | |
|        v. ) | <u>O R D E R</u> |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Respondent. ) | |
| _____) | |

**THIS MATTER** is before this Court upon the petitioner's Motion to Vacate, Set Aside, Or Correct Sentence" under 28 U.S.C. §2255, filed April 18, 2007. For the reasons stated herein, the instant Motion to Vacate will be <u>dismissed</u> as untimely filed.

As was noted in the Court's Order of April 23, 2007, entered pursuant to <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002), the petitioner pled guilty to six counts of armed bank robbery, in violation of 18 U.S.C. 2113(d); to six counts of bank robbery, in violation of 18 U.S.C. §2113(a); and to six counts of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §924©.

On May 18, 2004, the Court held a Re-sentencing Hearing, at which time it vacated the petitioner's convictions and sentences on the bank robbery charges, and then re-sentenced the petitioner to nearly 143 years imprisonment on his 12 remaining convictions

for armed bank robbery and firearms violations.

The petitioner appealed his case to the Fourth Circuit Court of Appeals.  On appeal, the appellate Court affirmed the petitioner's convictions and sentences by an unpublished opinion.  See United States v. Bunch, No. 04-4435 slip op. at 3-4, (4th Cir. November 15, 2005).  Thereafter, the Court of Appeals issued its mandate on December 7, 2005, and the petitioner did not pursue certiorari review in the U.S. Supreme Court.

Rather, after the lapse of more than 16 months, on April 18, 2007, the petitioner filed the subject Motion to Vacate, asserting that he was subjected to ineffective assistance of counsel.  However, the Court recognized that the instant Motion to Vacate might have been subject to summary dismissal.

That is, as the Court advised in its Hill Order, in 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA").  Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate.  Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–

   (1) the date on which the judgment of conviction
   becomes final;

   (2) the date on which the impediment to making a motion
   created by governmental action in violation of the
   Constitution or laws of the United States is removed,

2

if the movant was prevented from making a motion by
such governmental action;

(3) the date on which the right asserted was initially
recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or
claims presented could have been discovered through the
exercise of due diligence.

Upon its initial review, the Court observed that the Court of Appeals' mandate was filed on December 7, 2005, making the petitioner's case final on or about March[1] 7, 2006--that is, at the expiration of the 90-day period during which the petitioner could have filed (but did not file) a petition for a writ of certiorari in the U.S. Supreme Court. See Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000). By the Court's calculations, the petitioner had up to and including March 7, 2007 in which to file the instant Motion.

Inasmuch as the petitioner's Motion to Vacate was dated April 13, 2007, and was not filed until April 18, 2007, the Court's Hill Order advised the petitioner of its impression that such Motion was untimely filed. Consequently, the petitioner was directed to file a document explaining why his Motion should be deemed timely filed. Further, the petitioner was directed to

---

[1] In the Court's Hill Order, the petitioner was mistakenly advised that his convictions and sentences became final on April 7, rather than March 7, 2006. However, such error is of little consequence in that such erroneous calculation actually would have extended the petitioner's deadline by one month and, as will be discussed later, petitioner did not even bother to respond to that Order as he was directed to do.

3

file that document within twenty (20) days of the entry of the Court's Order, that is, by no later than May 13, 2007.

Notwithstanding the Court's Order, May 13, 2007 passed without significance for this case as the petitioner did not file a document as he was directed to do. Further, more than one week has passed since the passage of the petitioner's most recent deadline, and he still has not filed any explanation with the Court. Consequently, the Court finds that the petitioner's Motion to Vacate must be dismissed as untimely filed.

To be sure, the petitioner's filing deadline was March 7, 2007, but the evidence before the Court demonstrates that he did not even complete and sign the instant Motion to Vacate until more than one month later on April 13, 2007. Furthermore, the petitioner has failed to submit any argument to establish how his Motion could be deemed timely filed, or that the filing deadline should be equitably tolled for him. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Ultimately, the AEDPA requires that petitioners seeking to bring Motions to Vacate under 28 U.S.C. 2255 bring such Motions within one year of the date on which the convictions and/or sentences became final. Here, the petitioner has failed to meet that requirement and, in any event, he has failed to establish another basis for construing his Motion as timely filed. Accordingly, the petitioner's Motion to Vacate must be dismissed.

4

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That the instant Motion to Vacate is **DISMISSED** as untimely filed; and

2. That the Clerk shall send copies of this Order to the petitioner and to the United States Attorney.

**SO ORDERED.**

Signed: May 22, 2007

Graham C. Mullen
United States District Judge